IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERNINV DIVISION

| | |
|---|---|
| TERESA PAGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  3:18-cv-953 |
| vs. ) | |
| ) | |
| DELTA OUTSOURCE GROUP, INC., and ) | **JURY DEMAND ENDORSED HEREON** |
| VELOCITY INVESTMENTS, LLC, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, TERESA PAGE, and for her Complaint against the Defendants, DELTA OUTSOURCE GROUP, INC. and VELOCITY INVESTMENTS, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the OCSPA, Ohio Rev. Code § 1345.01, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Columbus Grove, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant VELOCITY INVESTMENTS, LLC (hereinafter "VELOCITY") and/or Household Bank.

6. On information and belief, Defendant DELTA OUTSOURCE GROUP, INC. (hereinafter "DELTA") is a corporation of the state of Missouri, which is licensed to do business in Ohio and which has its principal place of business in O'Fallon, Missouri.

7. On information and belief, Defendant VELOCITY is a corporation of the state of New Jersey, which is licensed to do business in Ohio and which has its principal place of business in Wall, New Jersey.

**COUNT I**

(Violation of the Fair Debt Collection Practices Act)

8. In March, 2018, Plaintiff received from Defendant DELTA a demand for payment dated March 6, 2018 for a debt allegedly owed to Defendant VELOCITY. A copy of which is attached hereto as Exhibit 1 and fully incorporated by reference herein.

9. Prior to the March 6, 2018 letter, Defendant DELTA had no prior contact with Plaintiff.

10. In relevant part, the March 6, 2018 letter read "The documents you requested on the above account are enclosed." However, whereas Plaintiff did not have any contact with Defendant, Plaintiff had never requested any documentation or contact from Defendants.

11. The "documents" enclosed by Defendant DELTA was a singular document which appears to a copy of the default Judgment Entry from Putnam County Common Pleas Court. Prior to receipt of this document, Plaintiff was unaware of any litigation filed against her. In fact, the Putnam County Court Municipal records for Case No. 2007 CVF00125 do not reflect Plaintiff having been served.

12. Notwithstanding the above, Defendant Velocity obtained a default judgment against Plaintiff on June 28, 2007.

13. No action was ever taken on said Judgment. Accordingly, the Judgment has been dormant since January 28, 2012.

14. All of the actions of Defendant Delta as set forth above were undertaken as the authorized agents of Regent.

15. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

>   a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);
>
>   b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about our client, in violation of 15 U.S.C. § 1692e(10);
>
>   c. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.;
>
>   d. Failing to provide the notice to our client which is required by 15 U.S.C. § 1692g; and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TERESA PAGE, respectfully prays for a judgment against Defendants, DELTA OUTSOURCE GROUP, INC. and VELOCITY INVESTMENTS, LLC, as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

19. Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

20. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendants herein.

21. Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

22. Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

23. As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, TERESA PAGE, respectfully prays for a judgment against Defendants, DELTA OUTSOURCE GROUP, INC. and VELOCITY INVESTMENTS, LLC, as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
PO Box 22282
Beachwood, OH 44122
(216) 452-9301 (phone)
(866) 551-7791 (facsimile)
Mitch@MLuxLaw.com